ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JOHANNA ENID GUZMÁN COLÓN<br><br>Parte Recurrente<br><br><br>v.<br><br><br><br>SISTEMA DE RETIRO UNIVERSIDAD DE PUERTO RICO<br><br>Parte Recurrida | KLRA202400356 | *Revisión Judicial,* procedente de la Junta de Retiro de la Universidad de Puerto Rico<br><br><br><br><br><br><br><br>Sobre:<br>Denegatoria de pensión por incapacidad |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de julio de 2024.

**I.**

Compareció ante este Tribunal la parte recurrente, Sra. Johanna Enid Guzmán Colón (en adelante, "Guzmán" o "Recurrente"), mediante un recurso de revisión judicial presentado el 8 de julio de 2024. Nos solicitó la revocación de la *Resolución* emitida por la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico el 31 de mayo de 2024 y notificada el 4 de junio del mismo año. En su escrito de tan sólo dos (2) páginas, la Recurrente se limitó a expresar lo siguiente:

> Hubo una solicitud de Solicitud de Pensión por Incapacidad ante el Sistema de Retiro de la U.P.R. emitida por la demandante-apelada el día [sic] 25 de enero del 2022 exponiendo en detalle su evaluación sobre la misma y fue notificada el día [sic] 31 de mayo del 2024 que la misma es No Ha Lugar.

> […]

> Hicimos múltiples gestiones para conseguir representación legal y no tuvimos éxito, no obstante, por ser persona indigente solicitamos- de este ilustre foro me asigne un abogado de oficio que me asista en todo el proceso de Apelación administrativa.

Número Identificador
SEN2024_____

A dicha comparecencia, anejó una serie de documentos médicos y la determinación de la cual se recurre. Sin embargo, tan siquiera, la Recurrente expuso los fundamentos de derecho por los cuales se solicita nuestra intervención y que justifican la revocación de la determinación administrativa de la cual se recurre.

En vista de lo anterior, y dado al hecho de que el escrito ante nuestra consideración presenta crasos incumplimientos con el Reglamento del Tribunal de Apelaciones, se *desestima* el recurso de epígrafe.

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc.*, supra*, pág. 268.

**B.**

El perfeccionamiento del recurso de revisión judicial está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

El escrito de revisión contendrá:

[…]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

El Tribunal Supremo de Puerto Rico señaló en Morán v. Martí, 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí, explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado. Así pues, nuestro máximo foro reconoció que *"[s]olamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en*

*que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean*". Íd., pág. 366 (énfasis en el original). Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, Práctica Jurídica de PR, Derecho Procesal Apelativo, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante *de facto* alude de otro modo al error contenido y lo discute en su alegato. Íd.

## C.

La Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Como corolario de lo anterior, las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. M-Care Coumpounding, *et al* v. Dpto. de Salud, 186 DPR 159-176 (2012); Pueblo v. Rivera Toro, 173 DPR 137, 144 (2008). Así pues, el Tribunal Supremo de Puerto Rico reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma de menor importancia**. Arriaga v. FSE, 145 DPR 122, 130 (1998). De conformidad con lo anterior, advirtió el máximo foro judicial estatal que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Febles v.

Romar, 159 DPR 714, 722 (2003). Sobre este particular, la jurisprudencia ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. Arraiga v. F.S.E., *supra*, pág. 130.

**III.**

A poco que se examine el expediente ante nuestra consideración, es más que evidente que el recurso de **dos páginas** presentado por Guzmán no es revisable. Nótese que la Recurrente incumplió con uno de los requisitos reglamentarios indispensables para la revisión judicial de una determinación administrativa que nos permita asumir jurisdicción y adjudicarla en sus méritos. Específicamente, Guzmán omitió incluir y/o discutir los errores que le imputa al foro administrativo. Además, la Recurrente prescindió de hacer referencia a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión judicial. Tampoco incluyó una discusión basada en fundamentos de derecho cuestionando la decisión de la agencia. De hecho, una lectura del escrito no nos permite conocer cuál es el remedio que se nos solicita.

En fin, la ausencia de señalamientos de error y de una discusión basada en fundamentos de hecho y de derecho no nos permite estar en posición de atender el recurso que nos ocupa, pues tan siquiera contamos con un reclamo específico por parte de la Recurrente. De ahí que se asiente la norma reconocida por el Tribunal Supremo, a los efectos de que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Morán v. Martí, *supra*, pág. 366. Sostenemos, pues, que dicha omisión es fatal, pues no se presentan elementos jurídicos que justifiquen nuestra intervención con el dictamen recurrido. Es más bien palpable que el recurso presentado adolece de serios defectos, acorde con el Reglamento de este Tribunal, que impiden asumir responsablemente nuestra autoridad.

Recuérdese que "el hecho de que las partes comparezcan por derecho propio, por sí solo, **no justifica que incumplan con las reglas**

**procesales**". <u>Febles v. Romar</u>, *supra*, pág. 722 (énfasis suplido). **<u>Más aun cuando las disposiciones reglamentarias incumplidas por la Recurrente no constituyen un mero requisito de forma de menor importancia</u>**. <u>Arriaga v. FSE</u>*, supra*, pág. 130.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por craso incumplimiento con las disposiciones conducentes al perfeccionamiento de los recursos contenidas en el Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones